PEOPLE, PLAINTIFF AND APPELLEE, *v*. NOEL,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution
for Breach of Peace.

No. 1705.—Decided June 21, 1921.

BREACH OF PEACE—INFORMATION—PLEADING.—A complaint charging that the de-
fendants "wilfully and maliciously disturbed the peace and quiet of the
neighborhood with noises, tumultuous and offensive conduct and threatening
to wound A, thus raising a great disturbance," describes the charge suf-
ficiently, for it is not necessary to allege expressly what the tumultuous and
offensive conduct consisted of. The charge of a threat to wound A is a
phase of the same offense and is not charging a different offense.

ID.—ASSAULT AND BATTERY—FORMER JEOPARDY.—When the battery was not the
act which provoked the breach of peace, which distinguishes this case from
*People* v. *Veve*, 24 P. R. R. 458, but while the breach of peace was being
committed by tumultuous conduct and the threat to wound A the defendant
assaulted B, the fact that she was acquitted of assault does not bar a prose-
cution for breach of peace, for there were two different crimes committed
at the same time.

The facts are stated in the opinion.

*Mr. L. Tormes* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the District Court of Ponce on appeal from a judgment
of the municipal court, Monserrate Noel was convicted of a
breach of the peace and sentenced to imprisonment for thirty
days, from which judgment she took the present appeal.

The necessary part of the complaint is as follows:

"On September 1, 1920, at 3 a. m., and in Castillo Street, of the
Municipal Judicial District of Ponce, P. R., defendants Monserrate
Noel and Matilde Morales wilfully and maliciously disturbed the
peace and quite of the neighborhood with noises and tumultuous and
offensive conduct and by threatening to assault Francisco Rivera, thus
raising a great commotion."

Before the trial on appeal a demurrer was interposed to
the complaint on the ground that it did not inform the de-

fendant of the charge in a clear, concise and distinct manner and that it charged more than one offense, inasmuch as it was alleged that she disturbed the peace and quite of the neighborhood with noises and tumultuous and offensive conduct and by threatening to assault Francisco Rivera. She also alleged that on the same facts she had been acquitted by the Municipal Court of Ponce.

The court overruled the demurrer and we are of the opinion that it committed no error in doing so, as is here alleged, because the complaint shows that the wording of the statute was followed. This is generally sufficient and it is unnecessary to allege expressly what constituted the tumultuous and offensive conduct, the threat to assault Francisco Rivera being a phase of the same offense and not constituting a charge of a different offense.

The allegation that she had been acquitted on the same facts is not supported by the complaint, but we shall consider it because evidence was introduced at the trial on that point and it showed that Monserrate Noel was charged with having assaulted and wounded Angel Collazo at the time of the breach of the peace charged in this complaint, she having been acquitted of that offense. However, that acquittal can not be pleaded as a defense in this case because the offenses are different although committed at the same time, for the former charge was of having wounded Angel Collazo, while this is of having disturbed the peace by unlawful conduct and threatening to assault Francisco Rivera, a person distinct from Angel Collazo. The case of *People* v. *Veve*, 24 P. R. R. 458, cited by the appellant, is not applicable because the assault upon Collazo was not the act which provoked the disturbance of the peace, for the disturbance occurred first and the assault and battery afterwards.

The allegation that the evidence is not sufficient to support the judgment of conviction can not be sustained.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.